JIANDONG WU, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, United States Department of Justice, Respondents.

No. 07–2682–ag.

United States Court of Appeals, Second Circuit.

Aug. 12, 2008.

Theodore R. Giuttari, Mertz, Bitelman & Associates Law Office P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMAN, Circuit Judges.

### SUMMARY ORDER

Jiandong Wu, a native and citizen of the People's Republic of China, seeks review of a May 31, 2007 order of the BIA affirming the December 14, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiandong Wu,* No. A79 393 666 (B.I.A. May 31, 2007), *aff'g* No. A79 393 666 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed the IJ's adverse credibility determination, but found that her frivolousness finding was not adequately supported. As such, we review only the agency's adverse credibility determination. *Id.*

We review the agency's factual findings under the substantial evidence standard,

treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We find that the agency's adverse credibility finding is supported by substantial evidence. The IJ relied, in part, on Wu's false testimony that he lived with his cousin during a July 2005 hearing, after which he submitted an affidavit admitting that he had moved out of his cousin's apartment in February 2005. We have held that "[t]estimonial inconsistencies are not sufficient as the sole basis for an adverse credibility finding where the inconsistencies do not concern the *basis for the claim of asylum or withholding*." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 127 (2d Cir.2007) (emphasis in original) (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003)). At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir. 2006) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence."). Here, although ancillary to his claim, it was not impermissible

for the IJ to rely on Wu's false testimony regarding his residence in making her adverse credibility finding where it was not "the sole basis" for that finding. *See Liang Chen,* 454 F.3d at 106–07.

The IJ also noted numerous inconsistencies in the record. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09. As the IJ observed, Wu gave contradictory testimony about the year he was arrested throughout his testimony. In addition, Wu testified inconsistently about when his parents paid his bail in order to have him released from detention. These inconsistencies are substantial, as the alleged arrest and one-month period of detention that followed are the central elements of Wu's claim of persecution, and his discrepant testimony casts doubt on whether he was arrested at all. *Id.* Further, the IJ observed Wu's demeanor in the midst of his testimony on this matter, noting that he was "sweating profusely," and that his "manner deteriorated" as his attorney attempted to sort out the issue. This observation of Wu's demeanor provided further support for the IJ's adverse credibility finding. *See Majidi,* 430 F.3d 77, 81 n. 1.

The IJ also noted that while Wu first testified that he went into hiding in Jiang Xi (or Jie An) "for quite a few years," he later changed his testimony to "approximately 17 months." This inconsistent testimony casts doubt on whether Wu went into hiding at all, and is thus material and substantial. *See Secaida–Rosales,* 331 F.3d at 308–09.

Taken together, these findings provide substantial evidence in support of the IJ's adverse credibility finding. *Id.* As such, the denial of asylum was proper. To the extent that Wu based his claim for withholding of removal and CAT relief on the

same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).